UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BRIAN CRAIG, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.: 2:23-cv-599-JLB-KCD |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE
A REPLY IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER**

Pursuant to Local Rule 3.01(d), Defendants respectfully move this Court for leave to file a reply in further support of their Motion to Transfer. (Dkt. 68.) Plaintiffs filed their opposition on March 1, 2024. (Dkt. 83 ("Opp").) Defendants request permission to file a reply of up to 10 pages to address assertions raised in Plaintiffs' Opposition, including (*inter alia*):

- Plaintiffs' position that their choice of forum is entitled to "outsized weight," because, in part, Plaintiff Inspire Advisors—a Delaware entity headquartered in Idaho—is an assignee of the claims of two clients who are alleged to live outside this District, in northern Florida. (*Id.* at 5.)

- Plaintiffs' assertion that the residence of the assignor governs the convenience analysis, based on two out-of-Circuit unpublished decisions regarding *improper* venue in the ERISA context. (*Id.* at 5.)

- Plaintiffs' argument that transfer is disfavored based on the red herring that venue in this District is proper under the Exchange Act, even though courts routinely

transfer securities cases from a proper—but inconvenient—forum to the district where the company is headquartered. (*Id.* at 6-7.)

- Plaintiffs' insistence that the convenience of the witnesses and location of relevant documents have little weight in the transfer analysis because of "modern technology," and "remote depositions," despite the fact that courts in this District have continued to place weight on these factors during and after the Pandemic, which necessitated the use of such technology. (*Id.* at 9-12.)

- Plaintiffs' contention that transfer is not warranted because parties regularly settle securities actions, even though Plaintiffs have demanded a jury trial. (*Id.* at 13.)

- Plaintiffs' assertion that the Motion to Transfer is somehow untimely because Defendants filed the Motion after receiving the Amended Complaint (which newly named a majority of out-of-District Plaintiffs and alleged that Defendants' decisions regarding Target's Pride Collection were made in Minnesota), rather than the Original Complaint (which was filed on behalf of a sole plaintiff that lacked standing because he purchased stock prior to any alleged misstatement). (*Id.* at 13-14.)

- Plaintiffs' argument that—despite the fact that the alleged misstatements disseminated from Minnesota and despite Plaintiffs' admission that Pride Collection decisions were made at Target's HQ—the "locus of operative facts" weighs against transfer because Target operates retail stores in this District, some

2

- employees work remotely, and two shareholder meetings were held virtually (during the Pandemic) while one was held in Texas. (*Id.* at 14-16.)

- Plaintiffs' argument that it would impose an intolerable burden to litigate in the District of Minnesota, because they would have to substitute their three Florida local counsel for Minnesota local counsel, even though Plaintiffs have already assumed the burden of hiring at least eight, non-Florida attorneys, including their Washington D.C.-based lead counsel who file actions in districts across the country. (*Id.* at 17-18.)

- Plaintiffs' assertion that state corporate law governs the interpretation of the alleged misstatements, which (even if true) further justifies transfer since the applicable corporate law is that of Minnesota (rather than Delaware, as Plaintiffs suggest).

To clarify such issues, Defendants respectfully request leave to file a reply in further support of their Motion to Transfer of no longer than 10 pages within 15 days of the Court's order.

## **LOCAL RULE 3.01(G) CERTIFICATION**

On February 19, 2024, Defense counsel conferred with counsel for Plaintiffs to discuss this motion and Plaintiffs consented to this relief.

Dated: March 5, 2024

Respectfully submitted,

Traci T. McKee
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 3390
Telephone: (239) 286-6910
traci.mckee@faegredrinker.com

Jeffrey P. Justman (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
jeff.justman@faegredrinker.com

Sandra Grannum (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
sandra.grannum@faegredrinker.com

*Attorneys for Defendants*

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C. (*pro hac vice*)
*Lead Counsel*
Alexander Rodney (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
Ashley P. Grolig (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com
jacob.rae@kirkland.com
ashley.grolig@kirkland.com