# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| BRIAN CRAIG, CAROL BOWE, INSPIRE ADVISORS, LLC, STEVEN COOK, AND LAURA THOMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DMITRI L. STOCKTON,<br><br>*Defendants*. | No.: 2:23-cv-599-JLB-KCD |

# DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER THIS ACTION

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 2

    A.    Plaintiffs Cannot Ignore Their Own Allegation That Minnesota Is the Locus by Pointing to Legally Irrelevant "Connections." ................. 2

    B.    Witness Convenience and Related Factors Strongly Favor Transfer. ..................................................................................................... 5

    C.    Plaintiffs Cannot Turn the Tables on the "Little Deference" Accorded to Their Choice of Forum by Inventing "Extraordinary" Deference. ................................................................................................... 7

        1.    Out-of-District Plaintiffs Cannot Become In-District Residents by Assuming the Equally Out-of-District Status of Their Assignors. .................................................................................. 7

        2.    Plaintiffs' Purported Heightened Standard for Securities Cases Is Unsupported and Inconsistent with Seventy Years of Practice. ........................................................................................ 8

    D.    The Balance of the Remaining Factors Favor Transfer. ........................ 9

CONCLUSION ..................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abernathy v. Davis*,
  2018 WL 11448855 (N.D. Ala. Sept. 13, 2018) ...................................................9

*Acrotube, Inc. v. J.K. Fin. Grp., Inc.*,
  653 F. Supp. 470 (N.D. Ga. 1987) ........................................................................9

*Am. Navigation Sys., Inc. v. Apple Inc.*,
  2014 WL 12769387 (M.D. Fla. Dec. 1, 2014) ......................................................4

*Angel Jet Servs., LLC v. Red Dot Bldg. Sys*,
  2010 WL 481420 (D. Ariz. Feb. 8, 2010) .............................................................8

*Bell v. Rosen*,
  2015 WL 5595806 (S.D. Ga. Sept. 22, 2015) .......................................................8

*CMT USA, Inc. v. Apex Tool Grp. LLC*,
  2024 WL 342676 (S.D.N.Y. Jan. 30, 2024) ..........................................................5

*In re Collins & Aikman Corp. Sec. Litig.*,
  438 F. Supp. 2d 392 (S.D.N.Y. 2006) ...................................................................3

*Corvest Promotional Prods., Inc. v. RWL, Inc.*,
  2006 WL 8432588 (S.D. Fla. Nov. 8, 2006) .........................................................7

*Cunningham v. Sw. Airlines*,
  548 F. Supp. 3d 1169 (M.D. Fla. 2021) ................................................................6

*Dekle v. Glob. Digit. Sols., Inc.*,
  2015 WL 3562412 (S.D. Ala. June 5, 2015) .........................................................9

*Delorenzo v. HP Enter. Servs., LLC*,
  79 F. Supp. 3d 1277 (M.D. Fla. 2015) ................................................................10

*Demere v. Newlin*,
  2005 WL 8156280 (S.D. Ga. Aug. 30, 2005) .......................................................9

*Duckworth v. Med. Electro- Therapeutics, Inc.*,
  768 F. Supp. 822 (S.D. Ga. 1991) .........................................................................9

*Elite Advantage, LLC v. Trivest Fund, IV, L.P.*,
  2015 WL 4982997 (S.D. Fla. Aug. 21, 2015)......................................................................8

*Fairstein v. Netflix, Inc.*,
  2020 WL 5701767 (M.D. Fla. Sept. 24, 2020) ............................................................. 1, 5, 7

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
  415 F. Supp. 2d 370 (S.D.N.Y. 2006)..................................................................................7

*In re Glob. Cash Access Holdings, Inc. Sec. Litig.*,
  2008 WL 4344531 (S.D.N.Y. Sep. 18, 2008) ......................................................................3

*Gonzales v. LiveOps, Inc.*,
  2008 WL 11336401 (S.D. Ga. Mar. 6, 2008) ......................................................................7

*In re Google LLC*,
  58 F.4th 1379 (Fed. Cir. 2023) ............................................................................................8

*Halbert v. Credit Suisse AG*,
  358 F. Supp. 3d 1283 (N.D. Ala. 2018) ...............................................................................9

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
  418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006).....................................................................3, 4

*Harman v. Taurus Int'l Mfg., Inc.*,
  2021 WL 5176510 (S.D. Fla. Oct. 18, 2021).......................................................................5

*Harry Pepper & Assocs., Inc. v. W. Sur. Co.*,
  2017 WL 71891 (M.D. Fla. Jan. 6, 2017) ............................................................................5

*Harvard v. Inch*,
  408 F. Supp. 3d 1255 (N.D. Fla. 2019)................................................................................2

*Huntley v. Chi. Bd. of Options Exch.*,
  132 F. Supp. 3d 1370 (N.D. Ga. 2015).......................................................................... 5, 10

*Jones v. Bi-Lo, LLC*,
  2020 WL 13573862 (N.D. Ga. Feb. 6, 2020)......................................................................5

*Long v. Sports44.com, Inc.*,
  2007 WL 3072405 (M.D. Fla. Oct. 19, 2007) .....................................................................9

*Manuel v. Convergys Corp.*,
  430 F.3d 1132 (11th Cir. 2005)............................................................................................6

*McIlvaine v. Arthrocare Corp.*,
   2008 WL 11332000 (S.D. Fla. Oct. 28, 2008) ...................................................................9

*Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp.*,
   2007 WL 624334 (S.D. Tex. Feb 22, 2007) ......................................................................8

*In re Nematron Corp. Sec. Litig.*,
   30 F. Supp. 2d 397 (S.D.N.Y. 1998) .................................................................................3

*Okla. v. Castro-Huerta*,
   597 U.S. 629 (2022) ..........................................................................................................9

*Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*,
   2011 WL 13142151 (M.D. Fla. Sept. 20, 2011) ................................................................5

*Passmore v. Vertex Energy, Inc.*,
   2024 WL 266531 (S.D. Ala. Jan. 24, 2024) ................................................................. 7, 9

*Pferdmenges v. Bindra*,
   2012 WL 12867831 (S.D. Fla. Nov. 20, 2012) ..................................................................7

*Ravenwoods Inv. Co., L.P. v. Bishop Cap. Corp.*,
   2005 WL 236440 (S.D.N.Y. Feb. 1, 2005) .................................................................. 3, 4

*Serefex Corp. v. Hickman Holdings, LP*,
   695 F. Supp. 2d 1331 (M.D. Fla. 2010) ............................................................................9

*Steadfast Ins. Co. v. IGD Hosp., Inc.*,
   2019 WL 13227253 (M.D. Fla. Jan. 29, 2019) .................................................................8

*In re Stillwater Mining Co. Sec. Litig.*,
   2003 WL 21087953 (S.D.N.Y. May 12, 2003) .................................................................5

*Weintraub v. Advanced Correctional Healthcare, Inc.*,
   161 F. Supp. 3d 1272 (N.D. Ga. 2015) .............................................................................6

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................................10

## INTRODUCTION

Unable to dispute that the locus of operative facts and the convenience of the witnesses favor transfer, Plaintiffs' opposition ("Opp.") raises a smokescreen.

*First*, Plaintiffs point to business "connections" between Defendants and this District (like Target's retail stores). (*E.g.*, Opp.2, 14-15.) "Connections" may be relevant to personal jurisdiction, but they are legally irrelevant to the transfer issue. As this Court has held, the key factors that drive the transfer analysis are convenience of the witnesses and the "locus of operative facts" (i.e., where the claims arise). *Fairstein v. Netflix, Inc.*, 2020 WL 5701767, at *7-10 (M.D. Fla. Sept. 24, 2020). Plaintiffs do not dispute that Defendants disseminated the alleged misstatements from "Target's Minneapolis headquarters" in the District of Minnesota (¶¶176, 202, 406)—making it the locus here. And Plaintiffs cannot dispute that if you look at all *witnesses*—not just select plaintiffs or parties—the most convenient forum is Minnesota.

*Second*, Plaintiffs focus on discovery and say that technological developments in electronic discovery eliminate any inconvenience for witnesses. (Opp.10.) That argument is doubly wrong and butts up against a mountain of precedent: courts consistently (1) transfer securities actions on convenience grounds (despite technological advances); and (2) consider inconvenience up to *trial*, not just in the discovery process. Here, the defense witnesses (the key witnesses in securities actions) include numerous parties and nonparties who live/work in Minnesota, for whom a Florida trial would be extremely inconvenient. Two plaintiffs cannot turn the tables.

*Third*, Plaintiffs invent a standard of "extraordinary" deference to their chosen forum. But the law is clear: Plaintiffs are entitled to "little deference," where *either* (1) the majority of plaintiffs reside outside the forum, *or* (2) the locus of operative facts is elsewhere. Here both apply, taking any deference to its lowest ebb. (*Infra* 7.)

Plaintiffs also try to rework the math by misstating the law on assignment of claims and asserting that Plaintiff Inspire—a Delaware entity headquartered in Idaho—is an assignee of the claims of two clients who allegedly live in Florida but still reside *outside* this District. (Opp.5, 13.) Even after accepting all of Plaintiffs' premises, Plaintiffs' extended detour leads to the same place: outside this District. Finally, Plaintiffs argue that transfer is disfavored in securities cases because venue is proper nationwide. (Opp.6-7.) Again, Plaintiffs are focused on the wrong legal question. Their attempt to conflate improper venue and convenience runs headlong into decades of precedent readily transferring securities cases. (*Infra* 8-9.)

Each of Plaintiffs' arguments is a cul-de-sac; in the end, the highway leads to Minnesota, to which this action should be transferred.

## ARGUMENT[1]

### A. Plaintiffs Cannot Ignore Their Own Allegation That Minnesota Is the Locus by Pointing to Legally Irrelevant "Connections."

The "locus of operative facts" turns on where "the events from which the claim arises" occurred. *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1262 (N.D. Fla. 2019).

---

[1] Capitalized terms have the same meaning as in the Motion to Transfer (Mot.) (Dkt.68). "Opp." refers to Plaintiffs' Opposition to the Motion to Transfer (Dkt.83). "MTD Opp." refers to Plaintiffs'

Plaintiffs do not dispute this. Nor do they dispute that, in the securities context, courts accord significant weight to the place from which the alleged misstatements emanated. *Ravenwoods Inv. Co., L.P. v. Bishop Cap. Corp.*, 2005 WL 236440, at *2, *5 (S.D.N.Y. Feb. 1, 2005).[2] *Plaintiffs' own authority—In re Hanger Orthopedic Group Inc. Securities Litigation*—drives the point home, holding that the locus in securities litigation is "the district where [the misstatements] are transmitted or withheld, not where they are received." (*See* Opp.13 (citing *Hanger*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006)).)

Plaintiffs do not even dispute the legally relevant facts: Target issued the disclosures *from Minnesota*; its executives and directors performed their responsibilities from Minnesota; and Target's Investor Relations team sat *in Minnesota* and addressed investor questions *from Minnesota*. (Mot.4-5.) Even Plaintiffs' Confidential Witness admits that "senior-executive level" decisions about the Pride Collection were made *from Minnesota*. (¶202.) Thus, Minnesota is the "center of gravity." *See Ravenwoods*, 2005 WL 236440, at *6.

Plaintiffs try to resist this conclusion by focusing on two red herrings: (1) Target's "substantial connections [to] this District" and (2) some Director Defendants reside outside Minnesota. (Opp.14-15.) Both are irrelevant.

---

Opposition to the Motion to Dismiss (Dkt.82). "Ex._" refers to exhibits appended to the Declaration of Sandra C. Goldstein (Dkt.69). Internal citations and quotations omitted unless otherwise noted.

[2] *See, e.g.*, *In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *6 (S.D.N.Y. Sept. 18, 2008) (locus of operative facts is where alleged misstatements were issued); *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) (same); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) (same); *Ravenwoods*, 2005 WL 236440, at *5 ("locus" in securities fraud case is where information related to disclosures was collected, the disclosures were drafted and issued, and related business decisions were made).

3

Plaintiffs contend that Target has "strong ties" to this District because it has "more than 75 stores" here. (Opp.16.) But Plaintiffs never explain why those "connections" bear on the alleged fraud. They do not. No witness from any of those 75 stores can speak to whether Defendants made any of the alleged misstatements (or even their decisions). Plaintiffs conflate the locus question in a *transfer* analysis with certain minimum "contacts" or "ties" relevant to personal jurisdiction, which is not at issue here. *See Am. Navigation Sys., Inc. v. Apple Inc.*, 2014 WL 12769387, at *5 (M.D. Fla. Dec. 1, 2014) (connections to forum irrelevant to "locus" if unrelated to claims).

Relatedly, Plaintiffs focus on the location of annual shareholder meetings. (Opp.15.) But that argument also misses the mark: the Complaint does not allege that misstatements/omissions emanated from any annual shareholder meeting.[3]

Finally, Plaintiffs contend that only a "few" Director Defendants "reside in Minnesota." (Opp.1, 11.) But the "locus" factor does not focus on Defendants' residence. Rather, it focuses on "where the operative facts are concentrated." *See Ravenwoods*, 2005 WL 236440, at *5. Where the Defendants *worked on* the disclosures is *key*. *See Hanger*, 418 F. Supp. 2d at 169. As explained above (*supra* 1, 3), the Directors performed their disclosure-related responsibilities in Minnesota (not this District).

---

[3] Plaintiffs try to escape Target's Minneapolis-based HQ by saying it was hollowed out by remote work. (Opp.14.) But Plaintiffs run headlong into their own Confidential Witness's allegations (¶202), and the mountain of contrary evidence (Mot.3-4). That some employees or executives work remotely from their homes *in Minnesota* does not make it any more convenient for them to attend trial in Florida.

4

### B.   Witness Convenience and Related Factors Strongly Favor Transfer.

Transfer is most convenient because Minnesota is home to virtually all the potential witnesses. (Mot.2.)  Plaintiffs claim that "courts have consistently held that [the convenience] factor is of little significance given the predominance of electronic discovery." (Opp.9-10.)  But as this Court recently held, and as courts in this Circuit consistently reiterate, "convenience of witnesses is generally considered ***one of the most—if not the most—important factors*** in a venue transfer analysis."  *Fairstein*, 2020 WL 5701767, at *7.[4]  That was true before, and remains true after, the pandemic. *CMT USA, Inc. v. Apex Tool Grp. LLC*, 2024 WL 342676, at *3 (S.D.N.Y. Jan. 30, 2024).

Plaintiffs likewise do not dispute that executives, "who participated in drafting or distributing" the disclosures or made decisions about the 2023 Pride Collection, "live near, work out of, or regularly travel to Target's headquarters in Minneapolis." (Mot.13.)  Nor do they dispute that these are the "key witnesses" in securities cases. *In re Stillwater Mining Co. Sec. Litig.*, 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003).  Witness convenience thus favors the District of Minnesota.

Again, Plaintiffs try to resist this conclusion by pointing to the wrong standard. *First*, Plaintiffs assert that "witness location is largely beside the point because

---

[4] *See, e.g.*, *Harman v. Taurus Int'l Mfg., Inc.*, 2021 WL 5176510, at *2 (S.D. Fla. Oct. 18, 2021); *Huntley v. Chi. Bd. of Options Exch.*, 132 F. Supp. 3d 1370, 1372 (N.D. Ga. 2015); *Harry Pepper & Assocs., Inc. v. W. Sur. Co.*, 2017 WL 71891, at *2 (M.D. Fla. Jan. 6, 2017); *Jones v. Bi-Lo, LLC*, 2020 WL 13573862, at *2 (N.D. Ga. Feb. 6, 2020); *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 2011 WL 13142151, at *3 (M.D. Fla. Sept. 20, 2011).

depositions can easily be taken by remote means." (Opp.10.)[5] But courts in the Eleventh Circuit and nationwide consistently hold that the "convenience of the witnesses" is key—despite the prevalence of remote depositions. (*See supra* n.2.)

In any event, convenience extends beyond discovery. Plaintiffs try to downplay trial burdens by saying they are rare. (Opp.13.) But most cases don't go to trial: courts consider "trial efficiency" to be important, nevertheless. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

*Second*, Plaintiffs question whether transfer will help the potential witnesses because "only two [Individual Defendants] actually reside in Minnesota." (Opp.11.) But this factor concerns *all* witnesses, not just the parties. Here, the majority of the *witnesses*—the nonparty executives who helped draft the disclosures—or made decisions regarding the 2023 Pride Collection—live around, or work out of, Target's headquarters in Minneapolis. (¶¶202, 406.) Thus, the convenience of the "majority of witnesses" weighs in favor of transfer. *See Cunningham v. Sw. Airlines*, 548 F. Supp. 3d 1169, 1173-74 (M.D. Fla. 2021). Plaintiffs cannot avoid transfer by focusing on the wrong universe of people.

*Third*, Plaintiffs argue that transfer would inconvenience Plaintiff Brian Craig and his wife. (Opp.11-12.) But the focus is on convenience "for the *majority* of witnesses," *Cunningham*, 548 F. Supp. 3d at 1173-74, which again points to Minnesota.

---

[5] Plaintiffs mischaracterize dictum in *Weintraub v. Advanced Correctional Healthcare, Inc.*, 161 F. Supp. 3d 1272 (N.D. Ga. 2015). There, the court noted that "the physical location" of "documents" is no longer significant because of electronic discovery. *Id.* at 1283. Plaintiffs stretch this to mean technology has obliterated "convenience" considerations altogether, which is not what *Weintraub* said.

If a minority of witnesses could prevent transfer in this way, few transfer cases would come out the way they do. *See, e.g.*, *Fairstein*, 2020 WL 5701767, at *10.

### C. Plaintiffs Cannot Turn the Tables on the "Little Deference" Accorded Their Choice of Forum by Inventing "Extraordinary" Deference.

Plaintiffs try to escape these factors by fabricating a standard of "extraordinary" respect for their chosen forum that supposedly cannot be disturbed absent an "exceptionally convincing argument." (Opp.9.) None of Plaintiffs' cases support this standard. To the contrary, courts consistently hold that the chosen forum is "entitled to little deference," where—as here—it is *either* (1) not home to the majority of plaintiffs *or* (2) not where the facts giving rise to the claim occurred. *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006).[6] Because this District is *neither* home to the majority of plaintiffs *nor* the locus of operative facts, Plaintiffs' forum choice is given little (if any) deference. Plaintiffs try to sidestep that conclusion by making up two exceptions, but neither has merit.

#### 1. Out-of-District Plaintiffs Cannot Become In-District Residents by Assuming the Equally Out-of-District Status of Their Assignors.

For starters, Plaintiffs argue that one of the out-of-District Plaintiffs, Inspire—an Idaho-based, Delaware entity—is the "assignee of two of its clients' claims" and so purportedly absorbs their residency. (Opp.5.) Plaintiffs cite two unpublished, out-of-

---

[6] *See also, e.g.*, *Passmore v. Vertex Energy, Inc.*, 2024 WL 266531, at *5 (S.D. Ala. Jan. 24, 2024); *Corvest Promotional Prods., Inc. v. RWL, Inc.*, 2006 WL 8432588, at *2 (S.D. Fla. Nov. 8, 2006); *Gonzales v. LiveOps, Inc.*, 2008 WL 11336401, at *3 (S.D. Ga. Mar. 6, 2008); *Fairstein*, 2020 WL 5701767, at *10; *Pferdmenges v. Bindra*, 2012 WL 12867831, at *5 (S.D. Fla. Nov. 20, 2012).

7

Circuit cases[7] that stand for nothing of the sort. Both address the narrow question of *proper* venue under the *ERISA* statute. *Angel Jet*, 2010 WL 481420, at *3; *Mem'l Hermann*, 2007 WL 624334, at *4.

Here, there is no dispute about proper venue—both this District and the District of Minnesota are proper. The question is what venue is most *convenient*. In answering that question, courts look to the residency of the *assignee*—not the assignor. *See, e.g.*, *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. 2023); *Steadfast Ins. Co. v. IGD Hosp., Inc.*, 2019 WL 13227253, at *7 (M.D. Fla. Jan. 29, 2019); *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, 2015 WL 4982997, at *11 (S.D. Fla. Aug. 21, 2015). Plaintiffs do not cite a *single* case concerning convenience that shows otherwise.

In any event, stepping into assignors' shoes doesn't help Plaintiffs: the assignors also reside outside this District—in the Northern District of Florida. Plaintiffs try to argue that is close enough, but "close proximity does not render this District" the assignors' "home forum." *Bell v. Rosen*, 2015 WL 5595806, at *13 (S.D. Ga. Sept. 22, 2015). Try as they might, Plaintiffs cannot transport Inspire into this District.

### 2. Plaintiffs' Purported Heightened Standard for Securities Cases Is Unsupported and Inconsistent with Decades of Practice.

As a fallback, Plaintiffs say that the Exchange Act's nationwide service provision reflects Congress's intent that securities plaintiffs should be able to *keep* securities suits where they file them. (Opp.6-7.) But the Exchange Act establishes

---

[7] Opp.5 (citing *Mem'l Hermann Hosp. Sys. v. Boyd Gaming Corp.*, 2007 WL 624334 (S.D. Tex. Feb 22, 2007)); *Angel Jet Servs., LLC v. Red Dot Bldg. Sys.'s Emp. Benefit Plan*, 2010 WL 481420 (D. Ariz. Feb. 8, 2010).

rules for personal jurisdiction and *proper* venue, which are *initial* questions. It does not silently eviscerate § 1404, which focuses on the forum that the case should <u>*ultimately be litigated in*</u>. This Court need not "speculat[e] as to Congress' intent" to create standards absent from the statute. *Okla. v. Castro-Huerta*, 597 U.S. 629, 642-43 (2022).

In any event, Plaintiffs gloss over decades of decisions transferring securities actions to the issuer's district. (*See* Mot.15-16); *see also Passmore*, 2024 WL 266531, at *7. Plaintiffs' reliance on *McIlvaine v. Arthrocare Corp.* drives this point home, 2008 WL 11332000 (S.D. Fla. Oct. 28, 2008). Plaintiffs say that *McIlvaine* subjects transfers of securities cases to a near-insurmountable hurdle. (Opp.6, 8-9.) But they omit that the court *transferred* the securities case for precisely the reasons here: plaintiff's chosen forum was accorded minimal deference, as it "ha[d] little to no connection to the litigation" and he did not reside in the forum. *McIlvaine*, 2008 WL 11332000, at *2.[8]

### D. The Balance of the Remaining Factors Favor Transfer.

Minnesota is also more convenient because, according to Plaintiffs, state corporate law governs the interpretation of the alleged misstatements. (MTD Opp.20.) Plaintiffs mistakenly rely on Delaware law, but Target is a Minnesota corporation

---

[8] Plaintiffs' cases support this conclusion: they deny transfer because the "locus" and witnesses were *not* located in the transferee district. *Serefex Corp. v. Hickman Holdings, LP*, 695 F. Supp. 2d 1331, 1339 (M.D. Fla. 2010); *Long v. Sports44.com, Inc.*, 2007 WL 3072405 (M.D. Fla. Oct. 19, 2007); *Demere v. Newlin*, 2005 WL 8156280, at *5 (S.D. Ga. Aug. 30, 2005); *Duckworth v. Med. Electro-Therapeutics, Inc.*, 768 F. Supp. 822, 824-25, 831-32 (S.D. Ga. 1991). And the remainder deny transfer for idiosyncratic reasons inapplicable here—i.e., due to **(1) a forum selection clause:** *Acrotube, Inc. v. J.K. Fin. Grp., Inc.*, 653 F. Supp. 470, 477 (N.D. Ga. 1987); **(2) state-law claims:** *Halbert v. Credit Suisse AG*, 358 F. Supp. 3d 1283, 1287 (N.D. Ala. 2018); *Abernathy v. Davis*, 2018 WL 11448855, at *3 (N.D. Ala. Sept. 13, 2018); or **(3) cancer treatment:** *Dekle v. Glob. Digit. Sols., Inc.*, 2015 WL 3562412, at *5-7 (S.D. Ala. June 5, 2015).

9

subject to Minnesota law—another factor favoring transfer to the District of Minnesota. *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1281 (M.D. Fla. 2015).

Caseload statistics point there too.  Plaintiffs try to use total filings to escape that conclusion (Opp.18), but the federal judiciary *created Weighted Filings because* "counts of civil and criminal filings vary based on the mix of cases and the average judge time required."[9]  This District is busier than Minnesota by 100 weighted filings.

Plaintiffs' grab-bag of miscellaneous arguments likewise fails.

They contend that it would be hard to find counsel admitted in Minnesota (Opp.17-18), ignoring their fleet of out-of-District counsel already on the job, who file actions in districts nationwide, including in the District of Minnesota (No. 23-cv-610-KMM-DTS (D. Minn.)), and the enormous resources at their disposal (*see* Mot.19-20).

Plaintiffs quibble that Defendants did not file a transfer motion in response to their first complaint.  But this is all a distraction:  a defendant can move to transfer at any time, 28 U.S.C. § 1404(a).  And the time to transfer is now, before ruling on a dispositive motion.  *See Huntley*, 132 F. Supp. 3d at 1376.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request transfer to the District of Minnesota.

---

[9] *See* U.S. District Courts—Judicial Business 2023, https://www.uscourts.gov/statistics-reports/us-district-courts-judicial-business-2023 (last visited Mar. 20, 2024).

Date: March 20, 2024

Respectfully submitted,

Traci T. McKee
FAEGRE DRINKER BIDDLE & REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 33901
Telephone: (239) 286-6910
traci.mckee@faegredrinker.com

Jeffrey P. Justman (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
jeff.justman@faegredrinker.com

Sandra Grannum (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
sandra.grannum@faegredrinker.com

*Attorneys for Defendants*

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C. (*pro hac vice*)
  *Lead Counsel*
Alexander J. Rodney (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
Ashley P. Grolig (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com
jacob.rae@kirkland.com
ashley.grolig@kirkland.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C. (*pro hac vice*)
  *Lead Counsel*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com