## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| BRIAN CRAIG, CAROL BOWE, INSPIRE ADVISORS, LLC, STEVEN COOK, AND LAURA THOMPSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DMITRI L. STOCKTON, <br><br> *Defendants*. | No.: 2:23-cv-599-JLB-KCD |

**JOINT MOTION TO REQUEST A COURT-APPOINTED MEDIATOR AND STAY ALL DEADLINES PENDING MEDIATION**

Defendants[1] and Plaintiffs (collectively, the "Parties"), through counsel, move to request a Court-appointed mediator and for a stay of all currently scheduled appearances and deadlines in the above-captioned proceedings to permit such mediation (this "Motion"). In support of this Motion, the Parties state as follows:

---

[1] Defendants are Target, Brian C. Cornell, David P. Abney, Douglas M. Baker, Jr, George S. Barrett, Gail K. Boudreaux, Robert L. Edwards, Melanie L. Healey, Donald R. Knauss, Christine A. Leahy, Monica C. Lozano, Grace Puma, Derica W. Rice and Dmitri L. Stockton.

1.  The Parties have begun to explore whether their dispute can be resolved without the need for further proceedings and have agreed to proceed with mediation through a Court-appointed Magistrate Judge.

2.  Further, the Parties agree that a stay of all currently scheduled appearances and deadlines in this matter will facilitate such mediation and settlement negotiations.

3.  Notably, the Court has set several appearances and deadlines that fall over the next month. Pursuant to this Court's Order dated December 5, 2024, the Parties' Case Management Report is due on January 13, 2025 and a Rule 16(b) Conference is scheduled for January 27, 2025. (Dkt. 104.) Further, pursuant to this Court's Order dated December 6, 2024, Defendants' Answer to Plaintiffs' Amended Complaint is due on January 8, 2025. (Dkt. 106.)

4.  A stay of those appearances and deadlines will permit the Parties to focus resources on mediation rather than on expending resources on the answer, Case Management Report, and Rule 16(b) Conference. The stay proposed would not prejudice the Parties and would also be in the interest of judicial economy.

## Memorandum of Law

Under Local Rule 4.03(a), this Court may refer an action to mediation and designate a mediator to conduct such mediation. Consistent with the Court's prior invitation, the Parties respectfully request that the Court designate a Magistrate Judge as the mediator and enter a mediation order pursuant to Local Rule 4.03, including Local Rule 4.03(g) (which directs that the substance of the mediation is confidential).

(*See also* Dkt. 98 (inviting the Parties to file a joint notice requesting a settlement conference before a Magistrate Judge).)

In addition, this Court has the inherent power to grant a stay at its discretion. *See World of Beer Franchising, Inc. v. MWB Dev. I, LLC*, 2017 WL 4297325, at *1 (M.D. Fla. June 21, 2017), *aff'd*, 711 F. App'x 561 (11th Cir. 2017) (granting stay pending mediation); *Hershenhorn v. Am. Home Assurance Co.*, 2022 WL 464207, at *1 (M.D. Fla. Feb. 15, 2022) (granting stay pending mediation). In particular, district courts may grant a stay if the stay (1) will not unduly prejudice a party; (2) will simplify the issues/streamline a possible trial; and (3) will reduce the burden of litigation on both the parties and the court. *Scoma Chiropractic v. Dental Equities, LLC*, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016). All factors weigh in favor of a stay here.

*First*, the Parties, who are in the best position to protect against undue prejudice, consent to the proposed stay and perceive no such prejudice. On the contrary, the Parties believe such a stay would be beneficial as the Parties would not have to expend resources on the answer, Case Management Report, and Rule 16(b) Conference. In addition, other deadlines in this case would not be impacted as a Case Management Report setting deadlines has not yet been entered.

*Second*, successful mediation may obviate the need for a trial or continued litigation.

*Third*, staying all currently scheduled appearances and deadlines in this case pending mediation would reduce the burden of litigation because, if settlement is successful, the Parties and the Court would not need to expend their or the Court's

3

resources, including with respect to Defendants' Answer to the Amended Complaint, the Case Management Report, the Rule 16(b) Conference, and further proceedings in this action.

**WHEREFORE**, the Parties respectfully request this Court enter an Order:

1. referring the action to mediation and designating a Magistrate Judge as the mediator pursuant to Local Rule 4.03, including Local Rule 4.03(g) (which directs that the substance of the mediation is confidential);

2. granting a stay of all currently scheduled appearances and deadlines pending the Parties' pursuit of mediation through the Court-appointed Magistrate Judge; and

3. providing that, within thirty days from this Court's entering an Order on this Motion, the Parties submit a joint status report informing this Court of the status of their attempts to resolve the case and whether there is a continued need for a stay.

Dated: January 5, 2025                                     Respectfully submitted,

| | |
|---|---|
| JASON B. GONZALEZ (FBN: 146854)<br>PAUL C. HUCK, JR. (FBN: 968358)<br>SAMUEL J. SALARIO, JR. (FBN: 083460)<br>Lawson Huck Gonzalez, PLLC<br>215 S. Monroe Street, Suite 320<br>Tallahassee, FL. 32301<br>(850) 825-4334<br>jason@lawsonhuckgonzalez.com<br><br>GENE P. HAMILTON (*pro hac vice*)<br>REED D. RUBINSTEIN (*pro hac vice*)<br>America First Legal Foundation<br>611 Pennsylvania Avenue S.E.<br>No. 231<br>Washington, D.C. 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org | /s/ Jonathan Berry<br>JONATHAN BERRY (*pro hac vice*)<br>*LEAD COUNSEL*<br>R. TRENT MCCOTTER (*pro hac vice*)<br>Boyden Gray PLLC<br>801 17th St NW, #350<br>Washington, DC 20006<br>(202) 955-0620<br>jberry@boydengray.com |
| *Counsel for Plaintiffs* ||
| Traci T. McKee<br>Fla. Bar No. 53088<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1500 Jackson Street, Suite 201<br>Fort Myers, Florida 33901<br>Tel: 239-286-6900<br>Fax: 239-244-9053<br>Traci.McKee@faegredrinker.com<br><br>Sandra D. Grannum<br>(pro hac vice)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>600 Campus Drive<br>Florham Park, New Jersey 07932<br>Tel:  973-549-7015<br>Fax: 973-360-9831 | /s/ Sandra C. Goldstein<br>Sandra C. Goldstein, P.C.<br>  *Lead Counsel*<br>(pro hac vice)<br>Alexander Rodney<br>(pro hac vice)<br>Jacob M. Rae<br>(pro hac vice)<br>Ashley P. Grolig<br>(pro hac vice)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 1022<br>Tel: 212-446-4800<br>Fax: 212-446-4900<br>sandra.goldstein@kirkland.com |

5

| | |
|---|---|
| sandra.grannum@faegredrinker.com<br><br>Jeffrey P. Justman<br>(pro hac vice)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>90 South Seventh Street, Suite 2200<br>Minneapolis, Minnesota 55402<br>Tel:  612-766-7133<br>Fax: 612-766-1600<br>jeff.justman@faegredrinker.com | alexander.rodney@kirkland.com<br>jacob.rae@kirkland.com<br>ashley.grolig@kirkland.com |
| *Counsel for Defendants* ||

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that the parties have conferred with respect to the relief sought herein and all parties consent to the filing of this joint motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C. (*pro hac vice*)
   *Lead Counsel*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com