# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| BRIAN CRAIG, CAROL BOWE, INSPIRE ADVISORS, LLC, STEVEN COOK, AND LAURA THOMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DMITRI L. STOCKTON,<br><br>*Defendants*. | No.: 2:23-cv-599-JLB-KCD |

## DEFENDANTS' STATUS UPDATE REGARDING THE PARTIES' PROPOSED MEDIATION CONFERENCE DATES

In connection with this Court's Order (ECF No. 109) referring the parties to mediation and directing them to provide the Court with three mutually agreeable dates by January 17, 2025, Defendants hereby submit the following status update.

On January 6, 2025, this Court entered an order (at the parties' joint request) staying the case, referring the parties to mediate this case, and directing the parties to provide Judge Mizell's courtroom deputy three mutually agreeable dates by today, January 17, 2025. ECF No. 109. Last week, Defense counsel provided Plaintiffs'

counsel with 10 days of availability and indicated a willingness to explore additional dates at Plaintiffs' and the Court's convenience. Defendants have since followed up multiple times (including via telephone and videoconference) regarding Plaintiffs' availability, but regrettably to no avail. We remain ready, willing, and able to mediate the claims asserted in this action.

Yesterday, counsel for Plaintiffs informed us that they would only provide dates of availability to mediate if we agreed to do so on a class-wide basis. Unsurprisingly, Defendants were not able to accommodate that request, because it would violate federal law and pose a host of ethical issues. *First and foremost*, this is not a class action; it asserts claims on behalf of five individuals. *Second*, Congress prohibits Plaintiffs from purporting to act on behalf of a hypothetical class. The Private Securities Litigation Reform Act (the "Reform Act") mandates a process for the Court to appoint lead plaintiffs and lead counsel who will best represent the interests of the putative class. 15 U.S.C. 78u-4(a)(3). The key consideration is which plaintiff "has the largest financial interest in the relief sought by the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(bb). Neither Plaintiffs nor their counsel have been appointed by the Court to represent a class, and it is highly unlikely they would be given Plaintiffs' small holdings of Target stock. *See* Amended Complaint ("AC") ¶¶ 31-35; *see also* ECF No. 83 at 17 ("Plaintiffs hold relatively small amounts of Target stock."). *Third*, the Reform Act requires shareholders who file a class action complaint to provide notice to other shareholders so that others may seek to serve as the class representative. 15 U.S.C. 78u-4(a)(3)(A). Simply put, neither Plaintiffs nor their counsel can subvert the Reform Act and purport

2

to settle unalleged claims on behalf of a hypothetical class they have not been appointed to represent.[1]

Per the Court's order, we called Judge Mizell's courtroom deputy to provide the 10 dates we provided to Plaintiffs' counsel, and will follow up with an email to Ms. Winkel providing the same, consistent with her request.[2] We also will endeavor to make ourselves available on alternative dates at the Court's and Plaintiffs' convenience. While Defendants deny all liability and continue to believe the claims Plaintiffs have asserted are meritless, they are prepared to engage in meaningful settlement discussions in good faith with respect to the individual claims Plaintiffs have asserted in this action as part of the Court-ordered mediation. Accordingly, Defendants respectfully request the Court direct Plaintiffs to provide their availability to mediate. We look forward to a productive settlement conference.

---

[1] After we flagged these concerns to Plaintiffs, they noted that, in late December 2024, they had raised the possibility of seeking leave to amend their complaint to add class allegations. That's true. But, on January 1, 2025, they decided that they would only "seek[] leave to amend the complaint by late January *if we're unable to resolve the case*" as part of the mediation of this action (emphasis added). In other words, they would only seek leave to amend to pursue class claims, if the individual claims asserted in this case were not resolved. Nor could we have agreed to mediate on a class-wide basis for the reasons set forth above.

[2] Defendants respectfully intend to propose the following dates: January 29, 30, 31; February 6, 7; February 19, 20, 21; and February 24, 26.

3

Date: January 17, 2025                                    Respectfully submitted,

| | |
|---|---|
| Traci T. McKee<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1500 Jackson Street, Suite 201<br>Fort Myers, Florida 33901<br>Telephone: (239) 286-6910<br>traci.mckee@faegredrinker.com<br><br>Jeffrey P. Justman (*pro hac vice*)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 766-7000<br>jeff.justman@faegredrinker.com<br><br>Sandra Grannum (*pro hac vice*)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>600 Campus Drive<br>Florham Park, NJ 07932<br>Telephone: (973) 549-7000<br>sandra.grannum@faegredrinker.com<br><br>*Attorneys for Defendants* | /s/ Sandra C. Goldstein<br>Sandra C. Goldstein, P.C. (*pro hac vice*)<br>   *Lead Counsel*<br>Alexander J. Rodney (*pro hac vice*)<br>Jacob M. Rae (*pro hac vice*)<br>Ashley P. Grolig (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4779<br>sandra.goldstein@kirkland.com<br>alexander.rodney@kirkland.com<br>jacob.rae@kirkland.com<br>ashley.grolig@kirkland.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C. (*pro hac vice*)
   *Lead Counsel*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com