## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

BRIAN CRAIG, CAROL BOWE, INSPIRE ADVISORS, LLC, STEVEN COOK, AND LAURA THOMPSON,

*Plaintiffs*,

v.

No.: 2:23-cv-599-JLB-KCD

TARGET CORPORATION, BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, MELANIE L. HEALEY, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, and DMITRI L. STOCKTON,

*Defendants*.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS UPDATE AND PLAINTIFFS' MOTION TO LIFT THE STAY

Plaintiffs, through counsel, write to respond to Defendants' Status Update. ECF No. 110. Plaintiffs also move to request a lift of the stay this Court entered on January 6, 2025. ECF No. 108. The Plaintiffs state as follows:

1.    In their Status Update, Defendants misrepresent the dialogue between the parties. Unfortunately, Plaintiffs must now recount the last few weeks of discussions.

2.      Plaintiffs acknowledge that, at the time the parties filed the joint notice requesting a stay, both parties had a mutual misunderstanding as to what the settlement negotiations would attempt to achieve at this point in the case.

3.      Plaintiffs agreed to the stay to pursue mediation under the impression that class-wide relief would be considered in the discussions. Plaintiffs formed that belief because they had advised Defendants that Plaintiffs planned to seek leave to amend to include class action allegations. Defendants responded and, with knowledge of Plaintiffs' plans, continued to seek mediation. Plaintiffs indicated openness to postponing the filing of the amendment motion pending mediation.

4.      Defendants claim that Plaintiffs agreed to pursue a mediation which would exclusively consider individual relief, but they misleadingly twist Plaintiffs' words. ECF No. 110 at 3 n.1. As the full context of the email in question shows, Plaintiffs were speaking colloquially when they agreed to try to settle "the case," not limiting the types of relief that could be discussed at the settlement table. *See* Email from Jonathan Berry to Sandra Goldstein, January 1, 2025 (Exhibit A). In fact, all that Plaintiffs agreed to was "at least an initial conversation about potential settlement," which suggests an open conversation covering a wide range of possible settlements. *Id.*

5.      In preliminary settlement discussions, the disconnect about whether class relief could be considered at mediation became clear. At the conclusion of a series of two videoconferences, Plaintiffs proposed filing a joint motion to partially lift the stay, so that Plaintiffs could pursue an amendment to the complaint to add class allegations and seek lead plaintiff status under 15 U.S.C. § 78u-4(a)(3), while other deadlines in

2

the case, including discovery, remained stayed. Defendants would not give a position on this proposal over Teams.

6.     On the morning of January 17, 2025, Plaintiffs emailed Defendants to ask again for their position on a joint motion to partially lift the stay. *See* Email from Samuel Salario to Sandra Goldstein, January 17, 2025 (Exhibit B). Plaintiffs noted that if Defendants did not agree to the filing of a joint motion, Plaintiffs would move on their own behalf to seek a lift of the stay, and Plaintiffs asked for Defendants' position on that motion. *Id.* Contrary to Defendants' assertion, *see* ECF No. 110 at 2, Plaintiffs never said that they would refuse to put forward dates of availability for mediation. In fact, Plaintiffs specifically proposed an "alternative" of "grab[bing] a [mediation] date in March, which would allow the motion to lift [the] stay and an amendment motion to get teed up and hopefully decided, and see where we are then." Exhibit B at 1. Defendants never responded to this email.

7.     In the afternoon of January 17, 2025, Plaintiffs again emailed asking for Defendant's position on Plaintiffs' proposals. *See* Email from Samuel Salario to Sandra Goldstein, January 17, 2025 (Exhibit C). Defendants never responded to this email.

8.     As the 5:00 pm deadline approached, Plaintiffs called Defendants to again ask for their position on Plaintiffs' proposals. Defendants did not answer, but Plaintiffs left a voicemail seeking Defendants' position on Plaintiffs' proposals. Fifteen minutes later, Defendants filed ECF No. 110. Defendants never called Plaintiffs back.

9.    After all of this, it is hard to avoid the conclusion that Defendants spent the day actively avoiding Plaintiffs' outreach, so that they could accuse Plaintiffs of not complying with this Court's order.

10.    In light of this regrettable background, Plaintiffs now move to lift the stay. This would enable Plaintiffs to pursue, among other things, (1) amending the complaint to add class allegations; and (2) determining the lead plaintiff under 15 U.S.C. § 78u-4(a)(3). Both of those steps would also enable more fruitful settlement negotiations between the parties.

## Memorandum of Law

Whether a stay is appropriate turns on whether it would cause "prejudice" to the parties and its effect on "judicial economy." *Garmendiz v. Capio Partners*, No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017). The same factors guide courts in deciding whether to lift a stay. *See Crews v. Estes*, No. 518CV01224KOBHNJ, 2021 WL 11423061, at *2 (N.D. Ala. Mar. 23, 2021). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay. Indeed, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Auto Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06–187–GMS, 2009 WL 2969566, at *2 (D. Del. Sept. 15, 2009) (quotation omitted). Courts regularly lift stays that were granted to facilitate mediation when mediation reaches an impasse. *See, e.g.*, *River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-cv-1646-ACC-LHP, 2022 WL 20622333, at

4

*1 (M.D. Fla. Dec. 12, 2022); *Guzman v. Am. Sec. Ins. Co.*, No. 06-23081-CIV, 2008 WL 11333579, at *1 (S.D. Fla. Feb. 13, 2008).

Here, the court's reason for staying the case was to facilitate mediation. *See* ECF No. 109 (referring the case to mediation). But after preliminary discussions with Defendants, Plaintiffs have discovered that, due to a mutual misunderstanding about the scope of the proposed negotiations, mediation will not be productive at this time. The parties will not be able to reach a mutually agreeable settlement until the case has changed postures and additional decisions surrounding the case have been made.

Defendants will not be prejudiced by a lifting of the stay because settlement discussions will be more productive after an amendment to the complaint and the determination of lead-plaintiff status under 15 U.S.C. § 78u-4(a)(3). And because the currently scheduled mediation cannot lead to an agreement at this time, given the views of the parties, it ultimately serves judicial economy to lift the stay now so that the case can move into a different posture that would improve the likelihood of reaching a settlement.

**WHEREFORE**, the Plaintiffs respectfully request this Court enter an Order:

1. reopening the action;

2. lifting the stay;

3. and cancelling the mediation conference.

Dated: January 21, 2025                        Respectfully submitted,

| | |
|---|---|
| JASON B. GONZALEZ (FBN: 146854)<br>PAUL C. HUCK, JR. (FBN: 968358)<br>SAMUEL J. SALARIO, JR. (FBN: 083460<br>Lawson Huck Gonzalez, PLLC<br>215 S. Monroe Street, Suite 320<br>Tallahassee, FL. 32301<br>(850) 825-4334<br>jason@lawsonhuckgonzalez.com<br><br>REED D. RUBINSTEIN (*pro hac vice*)<br>America First Legal Foundation<br>611 Pennsylvania Avenue S.E.<br>No. 231<br>Washington, D.C. 20003<br>(202) 964-3721<br>reed.rubinstein@aflegal.org | /s/ Jonathan Berry<br>JONATHAN BERRY (*pro hac vice*)<br>*LEAD COUNSEL*<br>R. TRENT MCCOTTER (*pro hac vice*)<br>ANDREW W. SMITH (*pro hac vice*)<br>Boyden Gray PLLC<br>800 Connecticut Avenue NW<br>Suite 900<br>Washington, DC 20006<br>(202) 955-0620<br>jberry@boydengray.com |
| ***Counsel for Plaintiffs*** | |

## **LOCAL RULE 3.01(G) CERTIFICATION**

I HEREBY CERTIFY that Plaintiffs' counsel attempted to confer with Defendants' counsel on this motion, twice by email and once by phone, and counsel has been unavailable. We will continue our efforts to confer and update the certification in accord with Local Rule 3.01(g).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Jonathan Berry
JONATHAN BERRY (*pro hac vice*)
LEAD COUNSEL
Boyden Gray PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com

7