UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CITY OF RIVIERA BEACH POLICE
PENSION FUND,

      Plaintiff,

v.                                              Case No:  2:25-cv-85-JLB-KCD

TARGET CORPORATION, et al.,

      Defendants.
_____/

## ORDER

Before the Court is the State Board of Administration of Florida's motion to consolidate this action ("Riviera Beach") with *Craig v. Target Corporation et al.*, Case No. 2:23-cv-00599-JLB-KCD ("Craig") and *State Board of Administration of Florida v. Target Corporation et al.*, Case No. 2:25-cv-00135-JLB-KCD ("SBA"). (Doc. 41).  Plaintiffs in *Craig* do not oppose the consolidation of all three (3) cases. (*Craig,* Doc. 129).  The State Teachers Retirement System of Ohio ("Ohio STRS") seeks to consolidate only *SBA* and *Riviera Beach*.  (*Riviera Beach*, Docs. 42).  Ohio STRS opposes consolidating *Craig* with *SBA* and *Riviera Beach*.  (*Riviera Beach*, Docs. 42 & 67).  Defendants have indicated they do not oppose consolidating all three (3) cases.  (*Craig,* Doc. 133; *Riviera Beach,* Doc. 71*; SBA,* Doc. 43*).*  Upon careful review of the motion and the parties' filings indicating their assent to consolidation, the Court finds that the State Board of Administration of Florida's motion to consolidate (*Riviera Beach,* Doc. 41) is **GRANTED** to the extent that the

Court will consolidate this case, *Riviera Beach*, with *Craig* and *SBA*.[1] The Court concludes that the three (3) cases involve enough common questions of law and fact to justify consolidation under Federal Rule of Civil Procedure 42(a) and Local Rule 1.07(b).

    Federal Rule of Civil Procedure 42(a)(2) permits a court to consolidate matters presenting common questions of law or fact. In exercising its "considerable discretion" over whether to consolidate multiple cases, the Court must consider: (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and confusion; (2) the burden that multiple lawsuits present; (3) the amount of time consolidation would save; and (4) the relative expense of consolidating a matter or proceeding on multiple trials. *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quotation omitted). "A joint trial is appropriate where [t]here is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (citation and internal quotations omitted). Ultimately, "[d]istrict judges in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995) (quotation omitted).

---

[1] The Court denies all other relief in the motion without prejudice because the Court must first resolve a motion to consolidate *before* appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Additionally, the Private Securities Litigation Reform Act ("PSLRA") requires a court to resolve any motions to consolidate that present "substantially the same claim or claims" *before* appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Once the court has ruled on consolidation, the court then considers motions to name a lead plaintiff by purported class members. *Id.* Motions to appoint a lead plaintiff must be made within sixty (60) days after the publication of notice to the class. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The PSLRA also accords the lead plaintiff authority to select and retain counsel to represent the entire class, subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Upon consideration, the Court finds that all three (3) cases are due to be consolidated for all purposes, including discovery, motion practice, and trial. This lawsuit and the consolidated lawsuits seek recovery of damages from Defendants for alleged violations of the Securities Exchange Act of 1934. Accordingly, the cases arise out of a common question of law or fact. In these circumstances and noting the filings by the parties indicating their assent to consolidation, the State Board of Administration of Florida's motion to consolidate (*Riviera Beach*, Doc. 41) is **GRANTED to the extent that the Court will consolidate the above-mentioned cases**. The Court designates *State Board of Administration of Florida v. Target Corporation et al.*, Case No. 2:25-cv-00135-JLB-KCD, as the lead case.

As the Court has now ruled on consolidation, the Court will consider motions to name a lead plaintiff by purported class members. In accordance with 15 U.S.C. section 78u-4(a)(3)(A)(i)(II), motions to name a lead plaintiff were due April 1,

2025.[2] The only purported class members to timely file such motions were the State Board of Administration of Florida (*Riviera Beach*, Doc. 41) and Ohio STRS (*Riviera Beach*, Doc. 42). Therefore, the Court may only consider those motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The Court **DIRECTS** both purported class members to refile their respective motions in the lead case within fourteen (14) days of the date of this Order.

Accordingly, it is **ORDERED**:

(1) The State Board of Administration of Florida's motion to consolidate (*Riviera Beach*, Doc. 41) is **GRANTED to the extent that the Court will consolidate *Craig v. Target Corporation et al.*, Case No. 2:23-cv-00599-JLB-KCD; *State Board of Administration of Florida v. Target Corporation et al.*, Case No. 2:25-cv-00135-JLB-KCD; and *City of Riviera Beach Police Pension Fund v. Target Corporation et al.*, Case No. 2:25-cv-00085-JLB-KCD.** The Court designates Case No. 2:25-cv-00135-JLB-KCD, as the lead case, and the lead case caption shall read, "*In re Target Corp. Securities Class Action Litigation*". The parties shall use that case caption with all future filings in this case.

(2) The parties are **DIRECTED** to submit all future filings utilizing that case number.

---

[2] Pursuant to 15 U.S.C. section 78u-4(a)(3)(A)(i), notice was given to the class on January 31, 2025. (*Riviera Beach*, Docs. 1 & 43-3). As *Riviera Beach* was the first filed action, notice need only be posted in the first filed action. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

4

(3) The Clerk of Court is **DIRECTED** to file a copy of this Order in the following cases: Case Nos. 2:23-cv-00599-JLB-KCD and 2:25-cv-00135-JLB-KCD.

(4) The Clerk is further **DIRECTED** to terminate any pending deadlines and motions, and administratively close the files in Case Nos. 2:23-cv-00599-JLB-KCD and 2:25-cv-00085-JLB-KCD.

(5) Within fourteen (14) days of the date of this Order, the State Board of Administration of Florida and the State Teachers Retirement System of Ohio may refile their motions to name a lead plaintiff in the lead case.

**ORDERED** in Fort Myers, Florida, on July 24, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE